IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | * | CASE NO. 3:12-MC-70 |
| | * | |
| Petitioner, | * | MAGISTRATE JAMES R. KNEPP, II |
| | * | |
| v. | * | JUDGE DAVID A. KATZ |
| | * | |
| **Donald R. Hawk,** | * | |
| **and** | * | **MAGISTRATE'S REPORT AND** |
| **Linda K. Hawk,** | * | **RECOMMENDATION TO ENFORCE** |
| | * | **IRS SUMMONSES** |
| Respondents. | * | |
| | * | |
| | * | |

This matter was referred to the undersigned Magistrate pursuant to UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULE 72.2. Pending is a Petition to Enforce Internal Revenue Service Summonses filed by the United States of America. A hearing was held on August 2, 2012. Based upon the evidence before the Court, and for the reasons that follow, the Magistrate makes the following findings of fact and recommends that the Court enforce the summonses at issue:

1. The Internal Revenue Service ("IRS") is conducting an investigation into the tax liabilities of Donald R. Hawk and Linda K. Hawk for the calendar period ended

        December 31, 2007. This investigation is within the authority of the IRS.

2. Revenue Officer Sheila Clark is authorized to issue IRS summonses pursuant to the authority contained in 26 U.S.C. § 7602 and Treas. Reg. § 301.7602-1, 26 C.F.R. § 301.7602-1.

3. Respondents reside at 802 E. 6th Street, Marblehead, Ohio 43440 which is within the jurisdiction of the this Court.

4. In furtherance of the aforestated investigation, Revenue Officer Clark issued summonses commanding Respondents to appear and give testimony and to produce records. Such information is relevant to the IRS investigation.

5. The summonses were served on Respondents on November 21, 2011.

6. Respondents failed to appear or to comply with the summonses and failed to provide the information and documents as commanded by the summonses.

7. The books, papers, records, and other data sought by the summonses are not already in the possession of the IRS.

8. All administrative steps required by the Internal Revenue Code for the issuance of a summons have been followed.

9. Respondents have not established that enforcement of the summonses in this case would be an abuse of the Court's process.

Based on these findings, the United States has made out a prima facie case for enforcement of the IRS summonses and Respondents have failed to present any defenses in opposition to the Petition to Enforce Internal Revenue Service Summonses. Therefore, the Magistrate recommends that the Court:

1. GRANT the Petition to Enforce Internal Revenue Service Summonses;

2. ORDER that Respondent shall appear before Revenue Officer **James Bockey**, and/or

any other duly appointed IRS Revenue Officer, at the IRS Office at **Four Seagate, 433 North Summit Street, Suite 212 (2nd Floor), Toledo, Ohio 43604**, on the **26th** day of **October, 2012,** at **9:00 a.m.**, to give testimony and produce all documents and records as set forth in the summonses served on November 21, 2011;

  3. Terminate the referral to the undersigned Magistrate Judge.

                s/ James R. Knepp, II
                United States Magistrate Judge

Date: Sept 13, 2012.

### Notice

  Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

  Please note that the Sixth Circuit Court of Appeals determined in <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In <u>Thomas v. Arn</u>, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the

3

right of appeal on the filing of timely objections to a report and recommendation.